**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **GLENNIS COBB** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NUMBER: 06-5932** |
| **ALLSTATE INSURANCE COMPANY, ET AL.** | * | **SECTION "L"(1)** |

## ORDER & REASONS

Before the Court is the Plaintiffs' Motion to Remand (Rec. Doc. 7). For the following reasons, the Plaintiffs' motion is GRANTED.[1]

### I.   BACKGROUND

This case arises from a dispute regarding insurance coverage for the Plaintiff's home at 1334 Seville Drive in New Orleans, Louisiana, which suffered damage as a result of Hurricane Katrina. The Defendants in this case are Allstate Insurance Company ("Allstate"), the Plaintiff's homeowner's insurance carrier, and Charles D. Glenn, Jr. of Charles D. Glenn Jr. Insurance Agency, the Plaintiff's flood insurance agent.

In August of 2006, the Plaintiff filed the present action in the Civil District Court for the Parish of Orleans, State of Louisiana. The Plaintiff alleges that she is entitled to payment from Allstate for damages and losses to the property caused by "wind and/or wind-driven rain," in addition to bad-faith penalties under Louisiana law. The Plaintiff also alleges that Glenn made various misrepresentations and failed to inform her of potential gaps in her flood insurance coverage and failed to procure adequate flood insurance.

---

[1] Accordingly, the parties in this case need not appear for the joint early status conference on February 8, 2007.

1

Allstate removed this case to federal court on September 13, 2006, contending that this Court has diversity jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and Glenn is improperly joined. On October 10, 2006, the Plaintiff filed the instant motion to remand.

## II.     LAW & ANALYSIS

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). As a general matter, the removal statute is to be construed narrowly and in favor of remand to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). Indeed, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Accordingly, all disputed questions of fact must be resolved in favor of the non-moving party. *See Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

Allstate contends that the Court has diversity jurisdiction over this case because complete diversity exists between the Plaintiff and the properly joined Defendant, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

First, Allstate asserts that diversity of citizenship exists because the non-diverse defendant was improperly joined and, therefore, that the Court must disregard the citizenship of this defendant. "The burden of proving a fraudulent joinder is a heavy one," and the burden is borne by the removing party. *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983). The removing party can satisfy its heavy burden by demonstrating "that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in

state court, or that there has been outright fraud in plaintiff's pleading of jurisdictional facts." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981).  However, "[i]f there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder.  This possibility . . . must be reasonable not merely theoretical."  *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002); *see Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 574 (5th Cir. 2004).

Allstate asserts that the Plaintiff's claims against Glenn are time-barred pursuant to La. Rev. Stat. § 9:5606, which establishes a three-year peremptive period for actions against insurance agents.  Pursuant to this statute, if the plaintiff does not file suit within three years from the date of the alleged act, omission, or neglect, her claim must be dismissed.  In this case, Allstate argues that Glenn originally sold the Plaintiff her flood policy in 2001, approximately five years before the filing of this lawsuit.  Allstate contends that this flood policy (number 0800382624) was cancelled for non-renewal on July 9, 2003, and that no other flood policy was issued to the Plaintiff.  However, the Plaintiff argues that Glenn placed a new flood policy in July of 2004, *see* Pl.'s Mot. to Remand Ex. A, and, thus, that the alleged neglect occurred within the last three years.  In light of this factual conflict, the Court cannot say that the Plaintiff has no possibility of recovering against Glenn.  Accordingly, the Court finds that Glenn has not been improperly joined and that complete diversity of citizenship does not exist in this case.[2]

---

[2] In the alternative, Allstate argues that Glenn is improperly joined because the Plaintiff's claims against Glenn and Allstate arise out of completely separate transactions and occurrences and involve separate issues of law and fact.  The Court finds, however, that the joinder of the Plaintiff's claims against Allstate and Glenn is not "so egregious as to constitute fraudulent joinder," as these claims arise from damages sustained to the Plaintiff's property during Hurricane Katrina.  *See Barash v. Encompass Indem. Co.*, No. 06-9438, 2006 WL 3791310, at *5 (E.D. La. Dec. 21, 2006) (quoting *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d

## III. CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Plaintiffs' Motion to Remand is GRANTED and that this matter is hereby REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, this  1st  day of   February  , 2007.

                                        UNITED STATES DISTRICT JUDGE

---

1353, 1360 (11th Cir. 1996), and discussing similar cases).